IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. ELLIS,

      Plaintiff,                         No. CIV S-06-0040 FCD EFB P

  vs.

D. L. RUNNELS, et al.,

      Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

      Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On March 29, 2006, the court dismissed plaintiff's complaint with leave to amend. On June 12, 2006, plaintiff filed an amended complaint.

      The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief.

      Plaintiff alleges that the regulation prohibiting prisoners from having images depicting female frontal nudity violates his First Amendment rights. He asserts that the regulation is in no way related to the rationales behind it; i.e., protecting female guards from harassment and promoting rehabilitation because female guards would have to look at the magazines to be

1

offended, and that exposure to frontal nudity has nothing to do with security or rehabilitation.

The Ninth Circuit addressed this issue in *Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999), when it held that a similar Arizona regulation, applicable to a county jail, did not offend the First Amendment. The court found that the regulation was reasonably related to the legitimate interests of reducing sexual harassment of female guards, maintaining security and rehabilitating those convicted of crimes. *Mauro*, 188 F.3d at 1059-1060. Whether "the banned material actually caused problems in the past, or [] were 'likely' to cause problems in the future," was inapposite. *Id.* at 1060. The reasonable relationship to the legitimate goals was dispositive. *Id.* at 1063. The court also found that scientific materials were exempt from the policy. *Id.* at 1060, fn. 4. Plaintiff attaches a copy of the bulletin announcing the California Department of Corrections and Rehabilitation's policy, and attachments to a complaint are part of the complaint and properly considered in determining whether the complaint states a claim. Prison officials specifically state that they enacted the new policy in light of *Mauro*, effectively adopting the goals of maintaining security, rehabilitating prisoners and reducing sexual harassment of female officers as their own. Furthermore, the regulations exempt educational and medical materials, sexually explicit letters and articles, and photographs of clothed persons. In light of the attached bulletin, the court finds that plaintiff fails to state a claim.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  Dated:  March 27, 2007.

　　　　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE